# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF THOMAS SMITH, by
Shannon Bryfczynski, Special Administrator,

        Plaintiff,

   v.

ONEIDA COUNTY,
TOWN OF MINOCQUA,
GARY LODUHA, and
STETSON GRANT,

        Defendants.

Case No. 19-CV-972

---

## DEFENDANTS' MOTION IN LIMINE

---

NOW COME the Defendants, Oneida County, Town of Minocqua, Gary Loduha, and Stetson Grant, by their undersigned attorneys, Lori M. Lubinsky and Danielle Baudhuin Tierney, and pursuant to the Court's Pretrial Order, respectfully request that the Court enter an Order precluding Plaintiff from presenting any testimony, evidence or argument that Thomas Smith would have lived for "several more months" but for the Defendants' alleged actions on April 7, 2017, and any testimony, evidence, or argument suggesting that Defendants' actions caused or contributed to Thomas Smith's death. The Motion is based on the following facts and law, the Declaration of Danielle Baudhuin Tierney and accompanying exhibits, as well as the pleadings of record:

    1.    In Plaintiff's Amended Complaint, Plaintiff alleged that "Thomas A. Smith's son Alan Smith, had been told by Thomas Smith's primary care physician that it would be six to eight months before Mr. Smith would need nursing home care." [Dkt. 2, ¶ 466.]

1

2. In Plaintiff's Rule 26(a)(2) disclosures, Plaintiff identified Steven R. Brooks, MD, Thomas Smith's primary care physician, as a potential expert who may be called to testify "as to Thomas Smith's prognosis before his arrest, which was that he would live at least several more months." [Declaration of Danielle Baudhuin Tierney ("DBT Dec."), Ex. B, p. 3-4.]

3. On May 27, 2021, Plaintiff served Defendants with Amended Discovery Responses, wherein Plaintiff admitted the following:

   a. That hypertensive cardiovascular disease was the proximate cause of Thomas Smith's death;

   b. That Gary Loduha's actions were not a proximate cause of Thomas Smith's death; and

   c. That Stetson Grant's actions were not a proximate cause of Thomas Smith's death.

[DBT Dec., Ex. B.] In the email which served the Amended Discovery Responses, Plaintiff's counsel conceded that counsel "had hoped to develop evidence to the effect that the defendants' excessive force contributed to hastening Thomas Smith's death, and we have been unable to do this." [DBT Dec., Ex. C.] Plaintiff's counsel also conceded that he "agree[d] that the law permits recovery of damages only for injuries of which a defendant's unlawful act was a *proximate* cause, so we are admitting that cardiovascular disease was a proximate cause of Mr. Smith's death and the actions of the individual defendants were not proximate causes of Mr. Smith's death." [DBT Dec., Ex. C (emphasis in original).]

4. District courts have authority to issue pre-trial rulings on the admissibility of evidence through a motion *in limine*. *See, e.g.*, *Thompson v. City of Chicago*, 472 F.3d 444, 457 (7th Cir. 2006); *see also Luce v. U.S.*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443

(1984) (defining motions *in limine* "in a broad sense …[as] any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.").

5. While injury is not a required element of an excessive force claim, evidence of an injury may be admitted as "evidence of the degree of force imposed and the reasonableness of that force." *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010) (citation omitted). A "jury may draw reasonable inferences from the evidence" regarding the injuries and use of force. *Id.* Evidence of injuries is only relevant if there "is some evidence connecting those injuries to the force used" by the defendant. *Id*. If a plaintiff has "no evidence that his injuries were caused by [the defendant], they would be irrelevant" and any evidence regarding the injuries would be inadmissible. *Id.*; *see also Padula v. Leimbach*, 656 F.3d 595, 603-04 (7th Cir. 2011) (death of claimant not evidence of force without evidence of causal connection between death and force).

6. Plaintiff has admitted that the proximate cause of Thomas Smith's death was hypertensive cardiovascular disease and that neither Gary Loduha nor Stetson Grant's actions were a proximate cause of Thomas Smith's death. [DBT Dec., Ex. B.] Likewise, Plaintiff's counsel conceded that Plaintiff has been unable to develop any evidence linking the Defendants' actions to Thomas Smith's death. [DBT Dec., Ex. C.] Absent evidence of causation, Plaintiff must be precluded from presenting any testimony, evidence or argument that Thomas Smith would have lived for "several more months" but for the Defendants' alleged actions on April 7, 2017, and any testimony, evidence or argument suggesting or implying that Defendants' actions caused or contributed to Thomas Smith's death.

7. To the extent the Court concludes that Thomas Smith's life expectancy is somehow relevant and admissible pursuant to Fed. R. Evid. 401, this Court should still exclude any testimony, evidence or argument that Thomas Smith would have lived for "several more

months" but for the Defendants' alleged actions on April 7, 2017, and any testimony, evidence or argument suggesting or implying that Defendants' actions caused or contributed to Thomas Smith's death under Fed. R. Evid. 403 on the basis that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and/or misleading the jury.

8. Federal Rule of Evidence 403 "grants the district court broad discretion to limit the scope and extent of cross-examination when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, misleading the jury or the needless presentation of cumulative evidence." *U.S. v. Williamson*, 202 F.3d 974, 978 (7th Cir. 2000) (citing Fed. R. Evid. 403).

9. Evidence is unfairly prejudicial if "it will cause the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented…." *Crawford v. Edmonson*, 764 F.2d 479, 484 (7th Cir. 1985) (quoting *United States v. Melinda*, 755 F.2d 1269, 1274 (7th Cir. 1985)); *see also* Fed. R. Evid. 403 Advisory Committee Notes.

10. In this case, if Plaintiff were permitted to introduce the evidence that Defendants seek to exclude, the jury would be allowed to improperly infer a causal link between the Defendants' actions and Thomas Smith's death, despite any evidence to support such an inference (and despite Plaintiff's concession that no causal link exists [*See* DBT Dec., Ex. B, C]). The evidence would unfairly prejudice Defendants because a jury may feel emotionally compelled to conclude that the force against Thomas Smith was unreasonable by virtue of the fact that he passed away days after his interaction with Defendants, despite any medical or other proof connecting Defendants' actions with Thomas Smith's death. As such, it should be excluded under Fed. R. Evid. 403.

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court enter an Order precluding Plaintiff from presenting any testimony, evidence or argument that Thomas Smith would have lived for "several more months" but for the Defendants' alleged actions on April 7, 2017, and any testimony, evidence or argument suggesting that Defendants' actions caused or contributed to Thomas Smith's death.

Dated this 4th day of June, 2021.

*/s/ Danielle Baudhuin Tierney*
Lori M. Lubinsky, SBN: 1027575
Danielle Baudhuin Tierney, SBN: 1096371
Attorneys for Defendants
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Fax: (608) 257-5444
Email: llubinsky@axley.com
dtierney@axley.com
