# In the
# United States District Court
## For the
## Western District of Wisconsin

Estate of Thomas Smith, by
Shannon Bryfczynski,
Special Administrator,

    Plaintiff,
v.                                                Case No. 19-cv-972

Oneida County, the Town of Minocqua,
Gary Loduha and Stetson Grant,

    Defendants.

## Plaintiff's Objections to
## Defendants' Pretrial Submissions

WILLIAM LAMAN LAW OFFICE
WILLIAM F. LAMAN
118 E. Grand Ave.
Eau Claire WI 54701-3638

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
131 West Wilson Street, Suite 1200
Madison, WI 53703

Contents

I. Defendants' Trial Witnesses ........................................................................... 1

II. Defendants' Trial Exhibits .............................................................................. 1

III. Defendants' Motion in Limine ....................................................................... 1

IV. Defendants' Proposed Voir Dire Questions ............................................... 1

V. Defendants' Proposed Special Verdict Form ............................................. 2

VI. Defendants' Proposed Jury Instructions .................................................... 4

The Plaintiff, the Estate of Thomas Smith, by its attorneys, William Laman Law Office and The Jeff Scott Olson Law Firm, S. C., by Jeff Scott Olson, hereby makes the following objections to the Defendants' pretrial submissions:

**I.   Defendants' Trial Witnesses**

**The Plaintiff has no objections.**

**II.   Defendants' Trial Exhibits**

**The Plaintiff has no objections.**

**III.   Defendants' Motion in Limine**

**The Plaintiff does not object to the Defendants' motion in limine.**

**IV.   Defendants' Proposed Voir Dire Questions**

**The Plaintiff has no objections.**

### V. Defendants' Proposed Special Verdict Form

**Objection 1:** The Defendants' proposed verdict form disregards the fact that the trial of this case, like all civil trials in this Court, will be bifurcated into a liability phase and a damages phase (Preliminary Pretrial Conference Order, dkt. # 10, at p. 5), so two separate verdict forms will be required.

**Objection 2:** There is no reason to include the questions "Did Defendant Gary Loduha use any force against Thomas Smith on April 7, 2017?" and "Did Defendant Stetson Grant use any force against Thomas Smith on April 7, 2017?" because there is no dispute that both Defendants used force. The Defendants concede that they used force – they just contend that the degree of force they employed was reasonable. See, *e.g.*, Defendants' Brief in Support of Motion for Summary Judgment, dkt. # 23, at p. 25, where they say: "Loduha and Grant exercised reasonable force when taking Smith into custody."

**Objection 3:** Because the Defendants' proposed questions focus on each individual Defendant's use of force in its entirety, rather than each individual Defendant's use of force in each of the two distinct phases identified by the Court as presenting triable issues, the Defendants' questions may confuse the jury. In its summary judgment decision, the Court found it useful to divide the Defendants' use of force against Thomas Smith into three phases: "(1) the initial takedown and placement of handcuffs; (2) the second takedown for a more thorough search of his body; and (3) the placement of Smith in the back of the Bearcat." (Opinion and Order, dkt. # 45, 30.) The Court then eliminated the first phase from the issues for trial: "As for the first

instance of force, plaintiff has failed to raise a genuine dispute of material fact that defendants' use of force was excessive." (*Id*.)

The Plaintiff's proposed special verdict form asks separately about phases two and three, and the Plaintiff's form is better because it prevents foreseeable problems, including, for example, a non-unanimous jury verdict, where some jurors might answer the Defendants' proposed single question as to a particular Defendant "yes" because they believe he employed unreasonable force in the second takedown but not the placement into the Bearcat, and others might answer the same question "yes" because they believe the same Defendant employed unreasonable force in the placement into the Bearcat but not in the second takedown. The Plaintiff's proposed special verdict form also eliminates any arguable need for a jury instruction (like Defendants' Requested Instruction 11, discussed below) about the initial takedown having been eliminated from the jury's consideration by the Court's opinion and order on summary judgment, which (as explained below) might be prejudicial and lead to juror confusion.

**Objection 4:** The Defendants' proposed damages question inappropriately includes the word "alleged." It reads: "What amount of money, if any, will fairly and reasonably compensate the Plaintiff for injuries sustained by Smith because of one or more of the Defendants' <u>alleged</u> excessive force on April 7, 2017?" If the jury needs to answer this question, it will have already found that excessive force occurred.

**Objection 5:** The damages questions on the special verdict used in the damages phase of the trial should include the names of the Defendants who were found liable, in the liability phase of the trial, for having employed excessive force, rather than

3

referring vaguely to "one or more of the Defendants."

**Objection 6:** Because the liability portion of the verdict and the Seventh Circuit pattern instructions use the term "unreasonable force" rather than "excessive force," the damages-phase special verdict should use the term "unreasonable force" to remain consistent with the pattern instructions.

**Objection 7:** The Plaintiff objects to a damages verdict form without punitive damages questions.

## VI. Defendants' Proposed Jury Instructions

<u>Defendants' Proposed Instruction 1.</u>     Standard Jury Instructions – Civil

**The Plaintiff has no objections.**

<u>Defendants' Proposed Instruction 2.</u>     1.13 – Testimony of Witnesses: Deciding What to Believe

**The Plaintiff has no objections.**

<u>Defendants' Proposed Instruction 3.</u>     1.25 – Multiple Claims; Multiple Plaintiffs/Defendants (Excluding sentence on multiple plaintiffs and excluding second paragraph)

**The Plaintiff has no objections.**

Defendants' Proposed Instruction 4.     1.26 – Dismissed/Withdrawn Defendant

    **Objection:**     Although the Town of Minocqua may well have been dismissed as a party Defendant by the time the jury retires to deliberate, there is no need to mention or explain its absence, or to mention or explain the presence of Defendant Oneida County in this case, as there will be no jury question involving either municipal Defendant.


Defendants' Proposed Instruction 5.     2.05 – Stipulations of Fact

    **The Plaintiff has no objections.**


Defendants' Proposed Instruction 6.     2.07 – Transcript of Recording (Only first paragraph)

    **The Plaintiff has no objections.**


Defendants' Proposed Instruction 7.     7.02 – General: Requirement of Personal Involvement

    **Objection:**     There is no need to instruct the jury about the personal involvement of either Defendant because there is no evidentiary basis upon which a jury might ground the liability of either Defendant *except* his personal involvement. The special verdict will put separate questions as to whether each individual Defendant employed unreasonable force. A "yes" answer necessarily subsumes a finding of personal involvement. Given that simple a task, a jury might well wonder why it needs

to be instructed as to personal involvement, and it might guess at a wrong conclusion.

Defendants' Proposed Instruction 8.    7.09 – Fourth Amendment: Excessive Force Against Arrestee

**The Plaintiff has no objections, but the Plaintiff's requested modification fits this case.**

Defendants' Proposed Instruction 9.    7.10 – Fourth Amendment: Excessive Force Against Arrestee -- Definition of "Unreasonable" (Excluding third paragraph regarding use of deadly force.)

**The Plaintiff has no objections, but the Plaintiff's requested modification fits this case.**

Defendants' Proposed Instruction 10.    Instruction Regarding Death of Thomas Smith: "Thomas Smith died on April 18, 2017. The parties have stipulated that Thomas Smith's proximate cause of death was hypertensive cardiovascular disease and that neither Gary Loduha nor Stetson Grant's actions were a proximate cause of Thomas Smith's death. Parties may only be held liable for injuries for which they proximately caused. As such, the Defendants cannot be held liable for Thomas Smith's death." See *Bustamante v. Thedford*, 1995 WL 76900, *6 (N.D. Ill. Feb. 23, 1995) ("…jury will be instructed that [party] cannot be liable for injuries which he did not proximately cause.").

**Objection 1:** The second use of the word "for" should be eliminated from the sentence: "Parties may only be held liable for injuries <u>for</u> which they proximately caused." The resulting instruction should read, "Parties may only be held liable for injuries which they proximately caused."

**Objection 2:** The word "Accordingly" should be substituted for the phrase "as such" in the final sentence. The resulting instruction should read, "Accordingly, the Defendants cannot be held liable for Thomas Smith's death."

**Objection 3:** This instruction should not be given in the liability phase, because it will lead to juror confusion as the jury will not be tasked with finding a causal link between the Defendants' unlawful conduct and any particular injury or loss until the damages phase.

**Objection 4:** To avoid juror confusion, this instruction should only be given along with Plaintiff's proposed instructions on damages, among the descriptions of those categories of damages which the jury is authorized to consider in finding the Plaintiff's damages in this case.

<u>Defendants' Proposed Instruction 11.</u>     Instruction Regarding Initial Contact with Officers: "Gary Loduha and Stetson Grant's initial contact with Thomas Smith, wherein they decentralized and handcuffed him, was a 'clean takedown to end mild resistance' and was justified under all circumstances presented to a reasonable officer at the time. As such, the decentralization and handcuffing of Thomas Smith is not at issue in this case because the Court has already concluded that such actions did not constitute

excessive force under the law. Rather, you are tasked with determining whether Gary Loduha and Stetson Grant used force during the second takedown and the placement of Thomas Smith into the back of the Bearcat and, if so, whether that force was justified." See Dkt. 45 (Opinion and Order), p. 30.

**Objection 1:** Since, if the Court adopts the Plaintiff's special verdict form and asks the jury separately about the second use of force – the second takedown -- and the third use of force - getting Thomas Smith into the Bearcat, the jury will not be asked a question that plausibly subsumes the first takedown, there will be no need to instruct the jury that the Court has taken this claim out of the case.

Telling the jury about the Court's summary judgment decision enters a field of confusion and prejudice with no obvious stopping point: if the Court tells the jurors that it has found that no reasonable jury could find that unreasonable force was employed in the *first* takedown, should it not also tell them that it has also found that "a reasonable jury could conclude that the defendants acted with 'reckless or callous indifference,'" in the *second* takedown, or in getting Thomas Smith into the Bearcat, or both? (Dkt. 45, p. 32.)

In *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Chruch*, 733 F.3d 722, 733 (7th Cir. 2013), the Seventh Circuit approved a "curative instruction" informing the jury that a plaintiff's discrimination claims dismissed on summary judgment had "already been resolved," and should not be considered in determining the retaliation issue that was the subject of the trial, but only because the trial judge "had mistakenly referred to [the plaintiff's] discrimination claims during jury

8

selection," and the plaintiff "had repeatedly referred to those claims during the trial." *Johnson*, 733 F.3d at 733. In this case, there will be no such missteps – to do its job, the jury need not know that the first takedown was ever alleged to have been unreasonable, and it will not.

This Court has instructed the jury on a finding of fact made on summary judgment which was "necessary for purposes of guiding the jury's determination," as it was one element of an adverse inference claim the jury had to decide, and declined to do so where the instruction could be rendered unnecessary through narrowly crafted verdict questions. *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, No. 14-CV-748-WMC, 2016 WL 1317704, at *1 (W.D. Wis. Apr. 1, 2016). It is not necessary to instruct the jury that the first use of force was found reasonable, because learning this would not assist the jury in determining the issues regarding the second and third uses of force. In *Epic*, as in the case at bar, the Plaintiff's pointed verdict questions eliminated any need for Defendant's proposed instruction. *Id.* ("[G]iven that the jury will be instructed as to four specific ways in which TCS breached the contract and asked verdict questions as to each of those ways, the court agrees with TCS that it need not reference the summary judgment rulings in this section.")

In *Burgess v. Goldstein*, No. 19-1600, 2021 WL 1936046 (4th Cir. May 14, 2021), the Fourth Circuit affirmed a district court's decision to reject a party's request for "an instruction on 'Claims Not to Be Considered' indicating that certain claims have been determined as a matter of law not to be a part of this case. . ." The court said, "[T]here was no need for the judge to draw attention to a particular piece of evidence or claim,"

9

because the issue on which the instruction was sought "was substantially covered by the court's charge about the relevant legal issues." (*Id*.)

Though it is unnecessary if the Court adopts the Plaintiff's proposed special verdict form, and the Plaintiff objects to any instruction referencing the summary judgment decision, a more neutral instruction could be given if the Court finds it necessary, such as: "You have heard evidence in this case about an initial takedown, but you are not being tasked with finding whether the Defendants employed unreasonable force in that first takedown, so you will not see a question on the special verdict form with respect to that first takedown."

**Objection 2:** The instruction improperly implies that the Defendants proceeded with care and precision by employing the words, "placement of Thomas Smith into the back of the Bearcat." Just as it would be improper to ask the jury whether the Defendants employed unreasonable force when they "threw" Thomas Smith into the back of the Bearcat, it would be improper to ask the jury to determine whether the Defendants employed unreasonable force in their "placement" of Thomas Smith into the back of the Bearcat, or to use any other verb that implies *anything* about the way Smith's physical transfer to the vehicle was achieved.

The Plaintiff's proposed questions, "Did Defendant _____ employ unreasonable force against Thomas Smith when getting him into the Bearcat?" were formulated with great care to employ a verb that could apply to every scenario from the gentle and careful placement described by the Defendants to the reckless launching of Smith through the air described by witness Falck.

10

Dated this Thursday, June 17, 2021.

>Respectfully submitted,
>
>Estate of Thomas Smith,
>
>Plaintiff
>
>By
>
>WILLIAM LAMAN LAW OFFICE
>WILLIAM F. LAMAN
>State Bar Number 1014544
>118 E. Grand Ave.
>Eau Claire WI 54701-3638
>Phone:     715 835-7779
>Fax:       715 835-2573
>Email:     wflamanlaw@ameritech.net
>
>THE JEFF SCOTT OLSON LAW FIRM, S.C.
>JEFF SCOTT OLSON
>State Bar Number 1016284
>131 West Wilson Street, Suite 1200
>Madison, WI  53703
>Phone:     608 283-6001
>Fax:       608 283 0945
>E-mail:    jsolson@scofflaw.com
>
>/s/    Jeff Scott Olson
>_____
>Jeff Scott Olson
>
>ATTORNEYS FOR PLAINTIFF

**Certificate of Service**

I hereby certify that on Thursday, June 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Lori Lubinsky and Danielle Tierney, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

                                           ____/s/ Jeff Scott Olson____